# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 31, 2006

130108

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

ANTONIO L. THOMAS and ANTONIO
L. THOMAS ASSOCIATED,
        Plaintiffs-Appellants,

v

        SC: 130108
        COA: 266779
        Wayne CC: 02-220633-CZ

LA-VAN HAWKINS and
URBAN CITY FOODS, LLC,
        Defendants-Appellees,

and

MELVIN BUTCH HOLLOWELL,
        Receiver-Appellee.

_____/

On December 21, 2005, this Court issued an order granting a stay of trial court proceedings in this case and directing that the proceeds of the sale of the Sweet Georgia Brown restaurant not be distributed during the pendency of the stay. On order of the Court, the application for leave to appeal the December 2, 2005 order of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court for further proceedings. At a November 18, 2005 hearing, Judge Sapala stated that "I'm satisfied that the conflict of interest does not exist, this other receiver is to be dissolved." We DIRECT the circuit court to reconsider whether Melvin Butch Hollowell had a conflict of interest and to make specific findings addressing the following issues:

(1) whether receiver Hollowell had or has any professional relationships with La-Van Hawkins, Mr. Hawkins' ex-wife, Wendy Hawkins, any of the individuals comprising the group or association that purchased the Sweet Georgia Brown restaurant on November 15, 2005, or the Sweet Georgia Brown restaurant, and if so, the parameters and duration of that professional relationship;

(2) whether receiver Hollowell had or has any personal relationships with LaVan Hawkins, Mr. Hawkins' ex-wife, Wendy Hawkins, or any of the individuals comprising the group or association that purchased the Sweet Georgia Brown restaurant on November 15, 2005, and if so, the parameters and duration of that personal relationship;

(3) whether, if such existing or former personal or professional relationships are found, there would naturally be a tendency on Hollowell's part to take actions, as a receiver, in other than a completely disinterested manner, see *Sellars v Lamb*, 303 Mich 604, 610-611 (1942), and if so, whether Hollowell should be disqualified from serving as receiver;

(4) whether Hollowell disclosed information regarding bids and the sale of the restaurant he negotiated to his co-receiver, Bryan D. Marcus, during the period that Marcus served as co-receiver, and if not, whether such non-disclosure was justified;

(5) whether Hollowell disclosed information regarding bids and the sale of the restaurant he negotiated to creditors of La-Van Hawkins to the extent such disclosure was appropriate;

(6) whether the sale Hollowell negotiated was the result of an arms-length and even-handed competitive bidding process;

(7) how many bids were submitted and how many bidders participated in the bidding process; and

(8) whether the $1.5 million sale price Hallowell negotiated fairly represents the value of the restaurant.

The Wayne Circuit Court may conduct additional proceedings or evidentiary hearings, if necessary, and is DIRECTED to submit its findings of fact and conclusions of law to this Court within thirty-five days of the date of this order. The stay imposed by this Court's order of December 21, 2005 is MODIFIED to allow continued tax payments to the State Treasurer's office during the pendency of the stay. The application for leave to appeal the December 2, 2005 order of the Court of Appeals remains under consideration.

We retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 31, 2006

s0125

Clerk